UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN LABOA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00578-SEB-DML |
| | ) | |
| KEITH BUTTS, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

Petitioner John Laboa was convicted of attempted child molesting in Floyd County,

Indiana, in 2014.[1] Mr. Laboa now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The

respondent argues that the petition must be denied because it is time-barred. Mr. Laboa responded

that his untimeliness should be excused because he was unaware of the one-year time limitation.

For the reasons explained in this Order, the respondent's motion to dismiss, dkt. [6], is **granted**,

Mr. Laboa's petition for a writ of habeas corpus is **dismissed with prejudice**. In addition, the

Court finds that a certificate of appealability should not issue.

**I. Background**

Mr. Laboa pleaded guilty and was sentenced on April 9, 2014. Dkt. 6-1. He did not appeal.

On March 26, 2015, Mr. Laboa filed a petition for post-conviction relief in state court. Dkt. 6-2.

He withdrew the petition on February 3, 2017, and filed a new petition for post-conviction relief

on April 12, 2017, which was denied on January 30, 2018. Mr. Laboa's appeal of that decision is

still pending before the Indiana Court of Appeals under cause number 18A-CR-951. On February

---

[1] Mr. Laboa asserts that he was convicted of aiding and abetting child molesting rather than
attempted child molesting. This discrepancy has no bearing on the outcome of his petition.

6, 2019, Mr. Laboa filed the instant petition for a writ of habeas corpus, which was signed on January 28, 2019, seeking federal collateral review of his conviction.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

## III. Discussion

Mr. Laboa's conviction and sentence became final on May 9, 2014, when the time to appeal expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150(2012) (explaining that a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired). The one-year period of limitation ran until March 26, 2015, when Mr. Laboa filed his first petition for post-conviction review. At that time, 321 days had elapsed.

A limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Mr. Laboa's limitations period was tolled until he withdrew his state post-conviction

petition on February 3, 2017. At that time he had 44 days left to file a federal habeas petition. His limitations period expired on March 19, 2017. Although Mr. Laboa filed a new petition for post-conviction relief on April 12, 2017, the limitations period had already expired.

Mr. Laboa mailed his federal habeas petition on January 28, 2019, more than a year after his limitations period had expired. The following chart illustrates this:

| Conviction Final | May 9, 2014 | 365 days left in limitation period |
|---|---|---|
| First State Post-Conviction Filed (statute of limitations tolled) | March 26, 2015 | 44 days left in limitation period |
| First State Post-Conviction Withdrawn (tolling ends) | February 3, 2017 | 44 days left in limitation period |
| Federal Habeas Petition Due | March 19, 2017 | 0 days left in limitation period |
| Federal Habeas Petition Mailed | January 28, 2019 | 680 days beyond limitation period |

Mr. Laboa asserts in his petition that he has diligently sought relief in state court and asks how much time has been tolled during those proceedings. Unfortunately for Mr. Laboa, his limitations period expired before he re-filed his state post-conviction petition and therefore there is no time left to toll while the appeal of that petition remains pending before the Indiana Court of Appeals. Mr. Laboa also asks whether *Brown v. Boughton*, No. 18-CV-265-JPS, 2018 WL 3614130 (E.D. Wis. July 27, 2018), might apply to his case. In *Brown*, the Eastern District Court of Wisconsin gave the petitioner a chance to withdraw his unexhausted claims and proceed only with his exhausted claims. This avenue is not available to Mr. Laboa both because his limitations period has expired and because he has no exhausted claims to present at this time.

Mr. Laboa argues that he should be entitled to equitable tolling because he was unaware of the one-year time limitation. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). These two "elements" are distinct. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Id.* It is the petitioner's "burden to establish both [elements]." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2015).

"Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (citations and quotation marks omitted); *see Socha*, 763 F.3d at 684 ("[T]olling is rare; it is reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.") (citation and quotation marks omitted).

Here, Mr. Laboa has failed to demonstrate that he is entitled to equitable tolling. "[I]t is established that prisoners' shortcomings of knowledge about the AEDPA or the law of criminal procedure in general do not support tolling." *Davis v. Humphreys*, 747 F.3d 497, 500 (7th Cir. 2014).

## IV. Conclusion

Mr. Laboa has not shown the existence of circumstances permitting him to overcome the expiration of the one-year time limitation, and hence is not entitled to the relief he seeks. The respondent's motion to dismiss, dkt. [6], is therefore **granted** and the petition for a writ of habeas corpus is **dismissed with prejudice**. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("[t]he dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice").

Judgment consistent with this Order shall now issue.

## V. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. Laboa's petition was filed beyond the expiration of the one-year statutory limitations period and he has not demonstrated that he is entitled to equitable tolling. Jurists of reason would not disagree with this Court's resolution of this claim and nothing about the claim deserves encouragement to proceed further.

The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED**.

Date: ___4/25/2019___

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN LABOA
246495
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov